<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE: SUPPORTIVE HEALTH, LLC, Debtor, <hr> CARLINE BOLIVAR,<br><br>    Appellant,<br><br>v.<br><br>ERIC R. PERKINS, Chapter 7 Trustee,<br><br>    Appellee. | Civil Action No. 23-00640(SDW)<br><br>**OPINION**<br><br>April 18, 2023 |

  **THIS MATTER** having come before the Court *sua sponte* concerning *pro se* Appellant Carline Bolivar's ("Appellant" and sole member and manager of Supportive Health, LLC (the "Debtor")) appeal of two Bankruptcy Court Orders[1] denying with prejudice Appellant's motion to stay the bankruptcy proceeding and order the City of Milwaukee to accept payment, (D.E. 1); and this Court having carefully reviewed and considered Appellant's submission; and

  **WHEREAS**, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8009, within 14 days of filing a notice of appeal, an "appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." FED. R. BANKR. P. 8009(a)(1)(A)–(B).

---

[1] Appellant's Notice states that the Orders were entered on January 27, 2023, (D.E. 1), but the Transmittal of notice states that the Orders were entered on January 25, 2023, (D.E. 1-2). There is additional discrepancy with the purported docket numbers on each form. The Notice states that docket numbers 245 and 246 are under appeal, (D.E. 1), and the Transmittal of Notice states that docket numbers 227 and 236 are under appeal, (D.E. 1-2). These discrepancies would be significant if this matter were to be decided on the merits. Here, however, they are immaterial to the analysis in this Opinion.

**WHEREAS** Appellant filed a notice of appeal on February 3, 2023.  (*See* D.E. 1.). thereafter, Appellant failed to file a designation of items to be included in the record and a statement of issues to be presented within 14 days of the notice of appeal.  On March 8, 2023, the bankruptcy clerk issued a letter notifying Appellant that she "failed to file such designation or to request an extension of time within which to file same."  (D.E. 2.)  As of this date, which is 60 days past the deadline to file the required documents, Appellant still has not filed the required documents; and

**WHEREAS** The Third Circuit has held that "[d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal."  *Richardson v. Treacy, Shaffel, Moore & Mueller* (*In re Richardson Indus. Contrs.*), 189 Fed. Appx. 93, 97 (3d Cir. 2006) (alteration in original) (quoting *In re Beverly Mfg. Corp.*, 778 F.2d 666, 667 (11th Cir. 1985)).  To be thorough, it is appropriate to review the *Poulis* factors, which require this Court to balance the following when considering dismissal of a bankruptcy appeal:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  When applying the factors here, this Court finds that

(1) Appellant is responsible for failing to designate the record and provide the statement of issues.  Appellant has previously filed multiple appeals and submitted the

required designations of record and statements of issues in those appeals, thus should be well aware of the requirements of Rule 8009. *See generally In re Supportive Health, LLC*, No. 22-06709, 2022 WL 17887230 (D.N.J. Dec. 23, 2022) (motion to alter judgment denied and appeal dismissed as moot); *In re Supportive Health, LLC*, No. 21-20464, 2022 WL 847630 (D.N.J. Mar. 22, 2022) (dismissed for failure to file a timely appeal, pursuant to Bankruptcy Rule 8002); *In re Supportive Health*, No. 22-00644 (dismissed for failure to file brief); *In re Supportive Health, LLC*, No. 22-00646 (dismissed for failure to file brief); *In re Supportive Health, LLC*, 21-cv-20502 (dismissed for failure to file brief); *In re Supportive Health, LLC*, 21-cv-20503 (dismissed for failure to file brief). In this matter, she simply failed to follow the requirements of the rule.

(2) Appellee has been prejudiced because Appellant has precluded Appellee from defending this appeal on the merits in a timely manner, and has likewise prevented the Court from assessing the meritoriousness of Appellant's appeal in a timely manner. *See In re Farzan*, No. 20-7134, 2020 WL 13240129, at *1 (D.N.J. Oct. 20, 2020) (finding appellee prejudiced where appellant failed to file designation of record or a statement of issues).

(3) Appellant has filed multiple unmeritorious appeals in this matter, which demonstrates a history of dilatoriness. *See generally In re Supportive Health, LLC*, No. 22-06709, 2022 WL 17887230 (D.N.J. Dec. 23, 2022) (motion to alter judgment denied and appeal dismissed as moot); *In re Supportive Health, LLC*, No. 21-20464, 2022 WL 847630 (D.N.J. Mar. 22, 2022) (dismissed for failure to file a timely appeal, pursuant to Bankruptcy Rule 8002); *In re Supportive Health*, No. 22-00644 (dismissed for failure to file brief); *In re Supportive Health, LLC*, No. 22-00646 (dismissed for failure to file brief);

*In re Supportive Health, LLC*, 21-cv-20502 (dismissed for failure to file brief); *In re Supportive Health, LLC*, 21-cv-20503 (dismissed for failure to file brief).

(4) Because Appellant has a history of unmeritorious filings, this Court finds the Appellant's conduct willful.

(5) Alternative sanctions would be fruitless, considering the dilatory nature of Appellant's filings.

(6) Appellant has hindered this Court's ability to ascertain the merits of the claim, because she filed only a notice of claim and did not file supporting documents, even after receiving notice of her failure to do so from the bankruptcy clerk. *See In re Richardson Indus. Contrs.*, 189 Fed. Appx. at 97 (citing *In re Champion*, 895 F.2d 490, 492 (8th Cir. 1990) (finding no abuse of discretion in dismissing appeal where appellant had not filed designation of record or statement of issues required by [the Bankruptcy Rules])); therefore Appellant's appeal is *sua sponte* **DISMISSED** due to failure to comply with Bankruptcy Rule 8009.  An appropriate order follows.

      /s/ Susan D. Wigenton
      **United States District Judge**

Orig: Clerk
cc: Parties